IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANET BACA,

        Plaintiff,

    v.

TLC FEDERAL CREDIT UNION,
nka TLC, A DIVISION OF FIBRE
FEDERAL CREDIT UNION,

        Defendant.

Case No. 6:16-cv-00849-JR

FINDINGS AND
RECOMMENDATION

RUSSO, Magistrate Judge:

      Plaintiff Janet Baca moves to remand this case back to the Lincoln County Circuit Court

pursuant to 28 U.S.C. § 1447(c). For the reasons set forth below, plaintiff's motion should be

denied.

Page 1 – FINDINGS AND RECOMMENDATION

**DISCUSSION**

In April 2014, plaintiff sustained trip-and-fall injuries while in one of defendant TLC Federal Credit Union's ("TLC") allegedly negligently maintained parking lots. Compl. ¶¶ 3-4. In April 2015, TLC became insolvent and the National Credit Union Board ("Board") was appointed as liquidating agent pursuant to an Order of Liquidation ("Order"). Mancinelli Decl. ¶ 2 & Ex. A. As part of that Order, the Board succeeded to all rights, titles, powers, and privileges of TLC. Mancinelli Decl. ¶ 3 & Ex. A. These powers encompassed, among other things, the authority to defend against actions brought against TLC. 12 U.S.C. §§ 1766(b), 1787(b); 12 C.F.R. §§ 709.2, 709.4.

Fibre Federal Credit Union ("Fibre") subsequently purchased TLC's shares, loans, and certain other assets and liabilities from the Board. Mancinelli Decl. ¶ 4. Beginning in May 2015, Fibre took control over TLC's physical branches. *Id.* at ¶ 6. Fibre, however, did not assume TLC's "unknown liabilities" – i.e., potential liabilities arising from events that occurred prior to the Order but not known about by either Fibre or the Board until after the sale. *Id.* at ¶ 5. In other words, the Board retained authority over TLC's "unknown liabilities." *Id.*

On March 30, 2016, plaintiff filed a complaint in Lincoln County Circuit Court, in which she asserted a negligence claim against TLC arising out of the April 2014 trip-and-fall incident. On April 6, 2016, plaintiff effectuated service in person on Amy Peterson, "Defendant's Operation's Manager . . . at Defendant's Lincoln City place of business." Pl.'s Mem. in Support of Mot. Remand 2; Aff. of Compliance ¶ 2. That same day, plaintiff also sent a "follow-up mailing" to Ms. Peterson.[1] Pl.'s Mem. in Support of Mot. Remand 2; Aff. of Compliance ¶ 3.

---

[1] Given the involuntary liquidation of TLC, Ms. Peterson "was the Operations Manager of Fibre [and] not TLC [at] the time she was served." Def.'s Resp. to Mot. Remand 3.

Page 2 – FINDINGS AND RECOMMENDATION

The Board "did not receive actual notice of the substance and pendency of [plaintiff's lawsuit] until April 27, 2016." Mancinelli Decl. ¶ 7.

On May 16, 2016, the Board removed plaintiff's lawsuit to this Court on the basis of original jurisdiction. On May 20, 2016, this case was stayed pursuant to 12 U.S.C. § 1787(b)(12) until August 19, 2016. On June 14, 1016, plaintiff filed the present motion.

## STANDARD OF REVIEW

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Federal courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). As such, cases removed to federal court must be remanded where a defect exists in the removal procedure. 28 U.S.C. § 1447(c).

## DISCUSSION

This matter hinges on whether the Board's Notice of Removal was timely in light of when it received actual notice of this lawsuit. Initially, however, the Court notes that it is questionable whether plaintiff's conferral efforts satisfied either the spirit or the letter of LR 7-1. In relation to the certification requirement, plaintiff stated only that her counsel "attempt[ed] to contact Defendant's Attorney via telephone prior to the filing of this motion." Pl.'s Mot. Remand 1. Because they never actually spoke, plaintiff's attorney failed to provide the Board with an opportunity to discuss the timeliness of removal or why any action was required during the stay period. Had the parties engaged in any meaningful attempt to confer, the present motion may have been unnecessary given that the relevant facts are undisputed.

Specifically, there is no dispute that the Board is TLC's liquidating agent and therefore represents the proper defendant in the case at bar. Notice of Removal ¶ 8; see generally Def.'s Mot. Stay. It is also undisputed plaintiff had been informed that the Board was the proper party in terms of notice prior to filing the present motion. Indeed, the Board's role as liquidating agent was both the basis of its Notice of Removal and Motion to Stay. See, e.g., Notice of Removal ¶¶ 2-8; Def.'s Mot. Stay ¶¶ 1-3. Moreover, it is undisputed that the Board did not receive notice of plaintiff's lawsuit until April 27, 2016, and filed its Notice of Removal less than thirty days thereafter.

Under these circumstances, service of the complaint on Ms. Peterson did not trigger the thirty-day window for removal. The Board – i.e., the party responsible for defending this action – had no knowledge of this lawsuit at that time.[2] The window for removal instead began on April 26, 2016, when the Board obtained actual knowledge of the complaint. As a result, the Board's Notice of Removal was timely under 28 U.S.C. § 1446(b). See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999) (an "entity named as a defendant is not obliged to engage in litigation unless notified of the action" such that the removal timeframe is not commenced until "receipt of the complaint, through service or otherwise") (internal quotations omitted); see also Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 886-87 (9th Cir. 2010) (rejecting the plaintiff's contention that removal was untimely where the plaintiff did not contest the date on which the defendant received actual notice and the case was removed within 30 days

---

[2] It is unclear whether service of process should have been effectuated on the Board instead of or in addition to Fibre. The Board's sole remark regarding this matter is that, because Ms. Peterson was an agent of Fibre, "service was not conducted in a manner reasonably calculated to apprise [the Board] of the existence and pendency of the action." Def.'s Resp. to Mot. Remand 3 (citing Or. R. Civ. P. 7(d)(1)). Plaintiff elected not to file a reply brief, such that there is no argument or evidence evincing that service of process on Ms. Peterson was sufficient in relation to the Board for the purposes of Fed. R. Civ. P. 4(e) and Or. R. Civ. P. 7(d). Accordingly, the Court finds that plaintiff provided prima facie evidence of service only in relation to Fibre.

Page 4 – FINDINGS AND RECOMMENDATION

of that date) (citation omitted). Finally, plaintiff has not cited to, and the Court is not aware of, any authority that counsels a different result. Plaintiff's motion should be denied.

## RECOMMENDATION

Plaintiff's Motion to Remand (doc. 7) should be denied.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment or appealable order. The Report and Recommendation will be referred to a District Judge.

Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days from the date of this Findings and Recommendation. If objections are filed, any response is due fourteen (14) days from the date of the objections. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order.

DATED this **25th** day of July 2016.

Jolie A. Russo
United States Magistrate Judge

Page 5 – FINDINGS AND RECOMMENDATION