IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANET BACA,

    Plaintiff,

v.

TLC FEDERAL CREDIT UNION,
nka TLC, A DIVISION OF FIBRE
FEDERAL CREDIT UNION,

    Defendant.

Case No. 6:16-cv-00849-JR

FINDINGS AND
RECOMMENDATION

RUSSO, Magistrate Judge:

The National Credit Union Administration Board ("Board"), as liquidating agent for defendant TLC Federal Credit Union ("TLC"), moves to dismiss plaintiff Janet Baca's complaint pursuant to Fed. R. Civ. P. 12(b)(1). For the reasons set forth below, the Board's motion should be granted and this action should be dismissed.

Page 1 – FINDINGS AND RECOMMENDATION

## BACKGROUND

In April 2014, plaintiff sustained trip-and-fall injuries while in one of TLC's parking lots. In April 2015, TLC became insolvent and the Board was appointed as liquidating agent pursuant to an Order of Liquidation. As part of that order, the Board succeeded to all rights, titles, powers, and privileges of TLC. Mancinelli Decl. Ex. A. Following liquidation, the Board published notice in the Tillamook Headlight Herald Newspaper, advising TLC's creditors to present their claims, together with proof, to the Board by August 10, 2015; this notice was republished one and two months later in accordance with 12 U.S.C. § 1787(b)(3)(B). Mancinelli Decl. ¶ 3.

On March 30, 2016, plaintiff filed a complaint in Lincoln County Circuit Court, alleging a negligence claim against TLC, as a division of Fibre Federal Credit Union ("Fibre"), arising out of the April 2014 trip-and-fall incident. On April 7, 2016, Fibre informed plaintiff that any claim relating to events which transpired prior to TLC's April 2015 liquidation "must be asserted against [the Board as] liquidating agent for TLC." Pl.'s Resp. to Mot. Dismiss Ex. 5. The Board received notice of plaintiff's lawsuit on April 27, 2016. On May 5, 2016, the Board sent a letter to plaintiff's counsel stating:

> On April 30, 2015, the National Credit Union Administration Board closed TLC Federal Credit Union ("Credit Union") and appointed itself Liquidating Agent. The Liquidating Agent has discovered your client may have a claim against the Credit Union. If your client does not have a claim against the Credit Union, please disregard this notice.
>
> The Liquidating Agent previously published a notice to creditors of the Credit Union in the Tillamook Headlight Herald stating that claims must be filed by the Claims Waiver Date of August 10, 2015 ("Claims Waiver Date").
>
> This letter does not extend the Claims Waiver Date. However, under federal law, the Liquidating Agent may consider claims filed after the Claims Waiver Date if: (1) the claimant did not receive notice of the appointment of the Liquidating Agent in time to file a claim before the Claims Waiver Date provided for in the published notice, and (2) the claim is filed in time to permit payment of the claim. 12 U.S.C. § 1787(b)(5)(C)(ii).

> For the Liquidating Agent to consider a claim filed after the Claims Waiver Date, you must prove to the Liquidating Agent's satisfaction that you did not have knowledge of the appointment of the Liquidating Agent in time to file a claim before the Claims Waiver Date. Therefore, if you cannot or do not file a claim before the Claims Waiver Date, you must . . . submit the properly completed Proof of Claim Form with supporting documentation to the Liquidating Agent on or before August 3, 2015. A Proof of Claim Form is enclosed with this letter. You must return the properly completed Proof of Claim Form, along with the appropriate documentation, to the [Board at the address listed herein.]
>
> After we receive your claim, the Liquidating Agent has up to 180 days to review and determine whether to allow or disallow your claim. Additional information regarding creditor claims can be found in Title 12 of the United States Code at Section 1787(b), in Title 12 of the Code of Federal Regulations at Part 709, and online at www.ncua.gov.

Pl.'s Resp. to Mot. Dismiss Ex. 6.

On May 16, 2016, the Board removed plaintiff's lawsuit to this Court on the basis of original jurisdiction. On May 17, 2016, plaintiff's attorney notified the Board that no Proof of Claim Form had been included with its May 5, 2016, letter. On May 20, 2016, this case was stayed pursuant to 12 U.S.C. § 1787(b)(12). On May 24, 2016, the Board emailed a Proof of Claim Form to plaintiff's attorney with the following instructions: "This form is being sent to you in the event the failed institution owed you funds for services rendered or goods purchased prior to the date the credit union was closed. If the institution does not currently owe you any money, it is not necessary for you to complete this form." Pl.'s Resp. to Mot. Dismiss Ex. 8.

On June 14, 2016, the Board advised plaintiff's attorney that the case had been recently removed to federal court and stayed for 90 days beginning May 20, 2016. Pl.'s Resp. to Mot. Dismiss Ex. 11. Also on June 14, 2016, plaintiff moved to remand this case back to Lincoln County Circuit Court. On July 25, 2016, this Court recommended that plaintiff's motion for remand be denied; this recommendation was subsequently adopted in full. On August 18, 2016,

the Board filed a status report specifying that plaintiff failed to exhaust her administrative remedies pursuant to 12 U.S.C. § 1787, such that this Court lacked subject matter jurisdiction. On September 12, 2016, the Board filed the present motion to dismiss. On September 13, 2016, plaintiff submitted her completed Proof of Claim Form; the Board has not yet made a final determination. Mancinelli Decl. ¶ 7. Oral argument was held on November 4, 2016.

## STANDARD OF REVIEW

Where the court lacks subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(b)(1). The party who seeks to invoke the subject matter jurisdiction of the court bears the burden of establishing that such jurisdiction exists. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The court may hear evidence regarding subject matter jurisdiction and resolve factual disputes where necessary. Kingman Reef Atoll Invs., LLC v. United States, 541 F.3d 1189, 1195 (9th Cir. 2008).

## DISCUSSION

The Board contends this Court lacks subject matter jurisdiction because plaintiff failed to exhaust her administrative remedies. Pursuant to 12 U.S.C. § 1787(b), a creditor must complete the administrative claims process articulated therein, otherwise

> no court shall have jurisdiction over (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any credit union for which the Board has been appointed liquidating agent, including assets which the Board may acquire from itself as such liquidating agent; or (ii) any claim relating to any act or omission of such credit union or the Board as liquidating agent.

12 U.S.C. § 1787(b)(13)(D). Compliance with the exhaustion requirement is mandatory, irrespective of whether the claim arose before or after the Board's appointment as liquidating agent. Intercont'l Travel Mktg., Inc. v. Fed. Deposit Ins. Corp., 45 F.3d 1278, 1281-84 (9th Cir.

Page 4 – FINDINGS AND RECOMMENDATION

1994).¹ The Ninth Circuit has interpreted this language to preclude judicial review of unexhausted claims even where the liquidating agent does not furnish mailed notice. See id. at 1284-86 (absent evidence of "affirmative misconduct or intentional disregard of the mail notice requirement," the defendant's failure to provide statutory notice is insufficient "to toll the bar date" or "excuse [the plaintiff] from failing to exhaust its administrative remedies").

It is undisputed plaintiff's lawsuit falls within the purview of § 1787(b). It is further undisputed that plaintiff has not completed the administrative claims process. Nevertheless, plaintiff opposes dismissal because she "did not receive timely notice of the need to exhaust administrative remedies." Pl.'s Resp. to Mot. Dismiss Ex. 1, at 3. Specifically, plaintiff argues the Board did not adequately inform her of the need to submit a Proof of Claim Form until September 8, 2016, when the parties conferred regarding the present motion.²

Plaintiff's argument is unpersuasive. As a preliminary matter, her contentions regarding the deficiency of the Board's actions hinge on Fourth and Fifth Circuit precedent. See, e.g., id. at 8-11; but see McCarthy v. Fed. Deposit Ins. Corp., 348 F.3d 1075, 1081 (9th Cir. 2003) ("failure to give notice does not render the administrative claims process inapplicable" or otherwise give rise to a due process claim) (citations omitted). Aside from the fact they are not binding on this

---

¹ Intercontinental Travel involved claims against the receiver of a failed bank, which are governed by 12 U.S.C. § 1821. The relevant portions of that statute are identical to 12 U.S.C. § 1787, such that courts have found cases interpreting 12 U.S.C. § 1821 controlling under analogous circumstances. See, e.g., Lillis v. Nat'l Credit Union Admin. Bd., 2015 WL 134231, *2 (D. Or. Jan. 9, 2015). Indeed, both parties rely predominantly on § 1821 cases in support of their respective positions.

² In opposing dismissal, plaintiff's counsel also argues he "was under the impression [from TLC's insurance company that he] was not to have direct contact with the [Board]." Pl.'s Resp. to Mot. Dismiss Ex. 1, at 7-8. This argument is undermined by the record, as plaintiff's counsel communicated directly with the Board when he wanted or believed he needed to. See, e.g., Pl.'s Resp. to Mot. Dismiss Ex. 2, at ¶ 14; Pl.'s Resp. to Mot. Dismiss Ex. 7. In any event, it unclear how TLC's insurer's boilerplate correspondences, which were sent prior to the Board's May 5, 2016, letter, are relevant to the issue of exhaustion. Pl.'s Resp. to Mot. Dismiss Exs. 4 & 9.

Page 5 – FINDINGS AND RECOMMENDATION

Court, these cases are inapt. Namely, in <u>Elmco</u>, the primary case on which plaintiff relies,[3] the court confirmed that waiver of the exhaustion requirement is not allowed "even for claimants to whom the [liquidating agent] failed to mail the required notice of the claims process and bar date." <u>Elmco Prop., Inc. v. Second Nat'l Fed. Savings Assoc.</u>, 94 F.3d 914, 919 (4th Cir. 1996) (collecting cases). As such, a due process claim lies only if, in addition to not receiving statutorily required notice, the plaintiff lacked knowledge of the failed financial institution's liquidation. <u>Id.</u> at 921-22.

In other words, courts make a distinction between the consequences of the Board's failure to notify a creditor of its appointment as liquidator and the Board's failure to mail notice of the administrative filing deadline: the former excuses the exhaustion requirement; the latter does not. 12 U.S.C. § 1787(b); <u>see also</u> <u>RTC Mortg. Trust 1994-N2 v. Haith</u>, 133 F.3d 574, 579 (8th Cir. 1998) ("[b]ecause the appellants had sufficient inquiry notice of the [liquidation], the failure to receive mailed notice does not avoid the jurisdictional bar of the statute") (citing <u>Elmco</u>, 94 F.3d at 921-22).

Here, plaintiff's counsel was apprised on numerous occasions between April and August 2016 – by Fibre, the Board, and the Court – of both the Board's status as TLC's liquidating agent and the governing law, 12 U.S.C. § 1787(b).[4] Accordingly, within a month of filing this lawsuit,

---

[3] In addition to <u>Elmco</u>, plaintiff cites to <u>Greater Slidell Auto Auction, Inc. v. Am. Bank & Trust Co. of Baton Rouge, La.</u>, 32 F.3d 939 (5th Cir. 1994). Aside from the fact that this case is factually distinguishable, the Ninth Circuit has expressly rejected <u>Greater Slidell</u>'s reasoning under analogous circumstances. <u>Intercont'l Travel</u>, 45 F.3d at 1284.

[4] Plaintiff's counsel asserts he did not receive a copy of either the Board's stay motion or the Court's order granting that motion; however, he had electronic access from the outset of this litigation to the Court's docket, where each of these documents was contemporaneously filed. In any event, plaintiff's counsel was notified on at least five other occasions of TLC's liquidation and the fact that the Board's authority was derived from 12 U.S.C. § 1787(b). <u>See, e.g.</u>, Pl.'s Resp. to Mot. Dismiss Exs. 5 & 6; Notice of Removal ¶ 3; Board's Resp. to Mot. Remand 2; Findings & Recommendation on Mot. Remand 1, 4.

Page 6 – FINDINGS AND RECOMMENDATION

plaintiff's counsel was on inquiry notice of TLC's liquidation. Pl.'s Resp. to Mot. Dismiss Ex. 5; see also Elmco, 94 F.3d at 921-22 (a creditor "may not complain of its lack of formal notice if it actually knew enough about the situation to place it on 'inquiry notice' . . . a claimant's knowledge that a bank has entered [liquidation] triggers such inquiry notice"). That plaintiff's counsel chose not to take any administrative action until after the Board moved to dismiss this case is not a sufficient basis to extend or excuse the exhaustion requirement.

Regardless, plaintiff did, in fact, receive mailed notice from the Board. Significantly, approximately one week after first learning of this lawsuit, the Board sent a letter advising plaintiff's attorney of the relevant statutes and regulations, and instructing him that plaintiff must initiate the administrative process in a timely fashion in order to have her claim considered. Pl.'s Resp. to Mot. Dismiss Ex. 6; 12 U.S.C. § 1787(b)(3)(C)(ii); see also Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (due process does not require notice to known claimants to take any particular format; rather, it "must be of such nature as reasonably to convey the required information and it must afford a reasonable time for those interested to make their appearance") (internal citations omitted). Although this letter mis-transcribed the deadline year, it was reasonably clear from context that plaintiff had 90 days, until August 3, 2016, to submit her Proof of Claim Form.[5] Therefore, the Court finds that the Board's May 5, 2016,

---

[5] Plaintiff's counsel does not contend he was unable to infer the correct timeframe in which to assert an administrative claim; he argues instead that the Proof of Claim Form's instructions relieved plaintiff of the exhaustion requirement. While they reference goods and services, these instructions nonetheless make clear that it was necessary to complete and submit a Proof of Claim Form if plaintiff believed TLC "owed [her] any money." Pl.'s Resp. to Mot. Dismiss Ex. 8. More importantly, plaintiff's attorney had been repeatedly advised that the case was proceeding under 12 U.S.C. § 1787(b), which "plainly states that any claim that asserts a right to the asset of a failed credit union . . . is subject to exhaustion." Lillis, 2015 WL 134231 at *2 (emphasis in original). As a result, counsel's good faith belief that plaintiff did not need to submit a Proof of Claim Form was not reasonable.

Page 7 – FINDINGS AND RECOMMENDATION

correspondence provided adequate notice, especially in conjunction with the Board's reliance on its role as liquidating agent pursuant to 12 U.S.C. § 1787(b) throughout these proceedings and the fact that plaintiff was represented by counsel at all relevant times.

In sum, it is well-established that 12 U.S.C. § 1787(b) "broadly constrains judicial review." Lillis, 2015 WL 134231 at *2. While the Ninth Circuit has recognized some exceptions to the strict exhaustion requirement, none of those "special situations" are present in the case at bar. McCarthy, 348 F.3d at 1081; see also Hearing (Nov. 4, 2016) (plaintiff's counsel acknowledging that the Board neither engaged in any affirmative misconduct nor intentionally disregarded the notice requirement). Finally, nothing in the record indicates the Board will refuse to issue a final determination in relation to plaintiff's September 13, 2016, Proof of Claim Form; that plaintiff's administrative claim may ultimately be denied is not a proper basis on which to avoid dismissal.[6] See Intercont'l Travel, 45 F.3d at 1284 (dismissal, as opposed to the issuance of a stay, is warranted where the claimant failed to exhaust administrative remedies and the "claims bar date has already passed"). Because plaintiff neglected to exhaust her administrative remedies or otherwise establish that this Court has jurisdiction over her claim, the Board's motion should be granted.

## RECOMMENDATION

The Board's Motion to Dismiss (doc. 14) should be granted and this case should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

---

[6] The Board clarified at oral argument that it planned on completing the administrative claims process with plaintiff once the Court ruled on its motion to dismiss.

Page 8 – FINDINGS AND RECOMMENDATION

Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 7th day of November 2016.

*Jolie A. Russo*
Jolie A. Russo
United States Magistrate Judge